IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOSE LUIS WONG, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 7:19cv00278 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| WARDEN BRECKON, | ) | By:  Hon. Jackson L. Kiser |
| | ) |       Senior United States District Judge |
| Respondent. | ) | |

Jose Luis Wong, a federal inmate proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Relying on 28 U.S.C. § 2255(e), United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018), and United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), Wong seeks to invalidate the sentence imposed on him by the United States District Court for the Southern District of Florida in 2008, Case No. 1:08cr20380. Upon review of the record, I conclude that the respondent's motion to dismiss must be granted because I lack jurisdiction to consider Wong's § 2241 petition.

## I.

In 2008, Wong was convicted in the Southern District of Florida of all seven counts of a superseding indictment charging him with Hobbs Act, narcotics, and firearms crimes. Wong had a previous conviction in Florida state court for felony drug offenses. Based on this conviction, Wong was sentenced to an enhanced term of 600 months imprisonment, followed by ten years supervised release.[1] Wong appealed, and the Court of Appeals for the Eleventh

---

[1] Specifically, Wong received 240 months imprisonment as to Counts One and Two, 240 months as to Counts Three and Four, 120 months as to Count Six, and 60 months as to Count Seven, all terms to run

Circuit affirmed the conviction and sentence.

Wong next filed a demand for dismissal of the superseding indictment based on fraud pursuant to Fed. R. Civ. P. 60(b) in the sentencing court. Following the government's opposition, Wong requested that the court not recharacterize the motion as a motion to vacate under 28 U.S.C. § 2255 and that it dismiss the motion for lack of jurisdiction. The court subsequently dismissed Wong's Rule 60(b) motion.

In October of 2011, Wong filed a motion to vacate, set aside, or correct his sentence pursuant to § 2255 in the Southern District of Florida, raising a total of eleven claims of ineffective assistance of trial and appellate counsel and/or other claims under the ineffective assistance umbrella. A magistrate judge recommended denial of the motion to vacate, and, following her recommendation, in June of 2012 the sentencing judge denied Wong's § 2255 motion.

More recently, Wong filed a motion to dismiss Counts One, Two, and Five of the superseding indictment pursuant to Davis v. United States, __ U.S. __, 139 S. Ct. 2319 (2019), in the sentencing court. The court dismissed the motion for lack of jurisdiction as an unauthorized second or successive § 2255 motion.

In his instant § 2241 petition, Wong claims that: (1) his sentence was unlawfully enhanced based on a conviction which did not qualify as a felony drug offense; (2) he is actually innocent of Counts Three, Four, and Five; and (3) his convictions and concurrent sentences for Counts Two, Three, and Four are multiplicitous and impermissibly punish him twice for

---

concurrently. In addition, Wong received a consecutive term of 360 months imprisonment as to Count Five.

the same offense. Respondent filed a response to the petition, arguing that it should be dismissed for lack of jurisdiction. Wong filed an objection to the response, to which respondent filed a reply. Therefore, the matter is ripe for decision.

## II.

A prisoner generally must file a motion under § 2255 to collaterally attack the legality of his detention under a federal conviction or sentence. 28 U.S.C. § 2255(a); Davis v. United States, 417 U.S. 333, 343 (1974). A district court cannot entertain a petition for a writ of habeas corpus under § 2241 challenging a federal court judgment unless a motion pursuant to § 2255 is "inadequate or ineffective to test the legality of [that inmate's] detention." 28 U.S.C. § 2255(e) ("the savings clause"); see Wheeler, 886 F.3d at 419; In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). "[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997).[2]

The United States Court of Appeals for the Fourth Circuit has concluded that § 2255 is inadequate and ineffective to test the legality of a sentence when:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

---

[2] I have omitted internal quotation marks, alterations, and/or citations here and throughout this memorandum opinion, unless otherwise noted.

3

Wheeler, 886 F.3d at 429; see also Jones, 226 F.3d at 333-34 (setting forth similar requirements for challenges to convictions under savings clause). If any one of the requirements is not met, the court is deprived of jurisdiction and may not "entertain[] [the petition] to begin with." Id. at 425. Wong bears the burden of proving subject matter jurisdiction. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).

In evaluating the substantive law in a § 2255(e) savings clause analysis, the court must "look to the substantive law of the circuit where a defendant was convicted." Hahn v. Moseley, 931 F.3d 295, 301 (4th Cir. 2019). The Florida district court where Wong was convicted is within the Eleventh Circuit. 28 U.S.C. § 41. Accordingly, while the court must apply the procedural standard in Wheeler, it must do so using Eleventh Circuit substantive law. Id.

Wong first challenges the erroneous enhancement of his sentence based on his prior state drug conviction. According to Wong, the state drug conviction did not qualify as a felony offense and he never should have been subject to an enhanced sentence, resulting in "an error sufficiently grave to be deemed a fundamental defect." [ECF No. 1 at 4] Thus, Wong concludes that § 2255 is "an inadequate and ineffective means to test the legality of [his] detention, which is based on a sentence issued with an erroneously increased mandatory minimum," and he should be able to "pass through the Savings Clause portal and have the §2241 petition heard on the merits." Id. As noted above, Wong relies on the Fourth Circuit's decisions in Wheeler and Simmons.

In Simmons, in reviewing a prior conviction under North Carolina law, the Fourth Circuit held that a prior conviction could not enhance a sentence if the defendant's criminal history was not sufficient to garner more than a year of imprisonment. 649 F.3d at 243. The

4

Fourth Circuit stated that a sentencing court could not rely on "hypothetical aggravating factors" when calculating a defendant's maximum punishment. See id. at 244; see also United States v. Barley, No. 4:10-cr-00010-JLK, 2013 WL 12113992, at *4 (W.D. Va. Jan. 3, 2013).

To the extent Wong relies on Simmons as substantive law to support his argument, the argument fails. Simmons addressed the "unique statutory regime mandated by the North Carolina Structured Sentencing Act[.]" 649 F.3d at 240. Simmons is a Fourth Circuit decision that is not binding upon courts within other circuits.[3] See Williams v. Ziegler, No. 5:12-cv-0398, 2014 WL 201713, at *4 (S.D. W. Va. Jan. 17, 2013) (citing Goodwin v. United States, No. 1:08-cr-104, 2013 WL 2468365, at * 3 (E.D. Tenn. June 7, 2013)); see also Barley, 2013 WL 12113992, at *4 (finding Simmons inapplicable to Virginia state conviction). Wong has failed to identify any retroactive Eleventh Circuit case that would substantively change the law applicable to his conviction. Cf. Moss v. Atkinson, 767 F. App'x 466, 467-78 (4th Cir. 2019) (unpublished) (noting that petitioner could not satisfy Wheeler's second element because his sentence was still legal under Eleventh Circuit law, where he was sentenced).[4] Therefore, I

---

[3] I note that, in reaching its decision in Simmons, the Fourth Circuit relied on Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010). The United States Supreme Court, however, did not make Carachuri-Rosendo retroactive to cases on collateral review. Thus, Carachuri-Rosendo does not establish a substantive change in the law for purposes of the savings clause. On August 21, 2013, the Fourth Circuit held that Simmons is retroactive to cases on collateral review that involve claims of actual innocence of an underlying Section 922(g) conviction. Miller v. United States, 735 F.3d 141 (4th Cir. 2013). In Miller, the Fourth Circuit noted that "[t]he fact that this Court relied on Carachuri in reaching its decision in Simmons does not mean that Carachuri itself announced a new rule of substantive criminal law, only that this Court applied Carachuri in such a way as to announce such a [new substantive rule.]" Miller, 735 F.3d at 146. The Fourth Circuit explained that even though "Carachuri is a procedural rule that is not retroactive, this does not mean that Simmons, in applying Carachuri, did not announce a substantive rule that is retroactive." Id. at 147. Although Miller and Simmons may result in a substantive change in the law for individuals convicted in the Fourth Circuit, Wong was convicted in the Eleventh Circuit and cannot sustain his burden of showing a substantive change in the law based upon Simmons, Miller, or Carachuri-Rosendo.

[4] Wong challenged the enhancement of his sentence in his 2011 motion to vacate pursuant to § 2255 in the Southern District of Florida. There, Wong relied on Shelton v. Sec'y, Dep't of Corr., 802 F. Supp. 2d 1289 (M.D. Fla. 2011) ("Shelton I") (holding a specific Florida drug statute facially unconstitutional). The

5

conclude that Wong is unable to satisfy the second prong of Wheeler with respect to his first claim.

Wong next argues that he is actually innocent of Counts Three, Four, and Five. Count Five charged Wong with carrying and possessing a firearm during and in relation to a crime of violence and a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A), (c )(1)(b), and 2. See United States v. Sardinas, 386 F. App'x 927, 933 (4th Cir. 2010) (unpublished). According to Wong, he is innocent of Count Five because the government charged one predicate offense in the indictment, but his conviction rested upon proof of a different predicate offense. Wong makes no argument in his petition as to Counts Three and Four, except, perhaps, to the extent they relate to Count Five.

Turning again to the Wheeler requirements, Wong correctly cites the law that, although the government is not required to specify a predicate offense for a § 924(c ) offense, when it does allege a specific predicate it cannot then rely on proof of another predicate offense for conviction. See United States v. Randall, 171 F.3d 195, 210 (4th Cir. 1999) ("In this case, even though the government was not required to specify on which § 924(c) predicate offense it was relying, because the government did indeed specify in the indictment that it was relying on the predicate offense of distribution, it was not allowed through the presentation of its evidence and its argument, and the district court was not allowed through its jury instructions, to broaden the bases of conviction to include the different § 924(c) predicate offense of possession with intent to distribute."). Thus, Wong is, in essence, arguing that his conviction

---

sentencing court found that Shelton I did not control in Wong's case because it did not involve the identical statute under which Wong was convicted. Moreover, the court noted, Shelton I was on appeal to the Eleventh Circuit at that time. See id. In fact, the Eleventh Circuit overturned Shelton I in Shelton v. Sec'y, Dep't of Corr., 691 F.3d 1348 (11th Cir. 2012) ("Shelton II").

on Count Five was <u>not</u> legal at the time of conviction and sentencing. <u>See</u> <u>Barrett v. Quintana</u>, No. 5:18-cv-00279, 2018 WL 7078579, at *8 (S.D. W. Va. Dec. 18, 2018) ("Petitioner does not argue that a substantive *change* in law has rendered him actually innocent; rather, he argues that he was innocent *at the time of conviction*."). <u>Jones</u> and <u>Wheeler</u> require that the conviction and/or sentence be legal at the time and, thereafter, a change in substantive law rendered the conviction and/or sentence illegal. <u>Wheeler</u>, 886 F.3d at 429; <u>see also</u> <u>Jones</u>, 226 F.3d at 333-34. Wong points to no change in law that rendered a then-legal conviction now illegal. <u>See</u> <u>Barrett</u>, 2018 WL 7078579, at *8. Therefore, Wong cannot meet the first or second <u>Jones</u>/<u>Wheeler</u> factors.[5]

Lastly, Wong contends that the convictions and sentences imposed for Counts One, Two, Three, and Four are multiplicitous, as they arise from the same incident and impermissibly punish him twice for the same offense.[6] According to Wong, the fact that the sentences were concurrent does not render his argument moot, because he received a separate special assessment of $100 for each conviction, a separate punishment, and continuing "collateral consequences."

Wong points to no law which has changed since his trial and sentencing which rendered

---

[5] In <u>Rice</u>, the District of South Carolina stated that "Petitioner's unsupported statement that he was/is actually innocent of the crime for which he was convicted and sentenced does not require this Court to consider the merits of his Petition. Cognizable claims of "actual innocence are extremely rare and must be based on factual innocence not mere legal insufficiency." 451 F. Supp. 2d at 762 (citing <u>Bousley v. United States</u>, 523 U.S. 614, 623 (1998)); <u>see also</u> <u>id.</u> ("Petitioner's actual innocence claim is facially inadequate to require consideration because Petitioner does not allege that there is any new, reliable evidence of any type that was not presented in any of his prior court proceedings which supports his innocence of the charge."). "[B]are allegations of actual innocence, unsupported by any new, reliable evidence, are not sufficient to place petitioner's petition within the scope of § 2241. Rather, his claims place his petition squarely within the scope of § 2255." <u>Barrett</u>, 2018 WL 7078579, at * 8 (quoting <u>Rice</u>, 451 F. Supp. 2d at 758).

[6] Although Wong does not include Count One in the body of the argument section of the Petition, he does in the conclusion. Accordingly, the court treats Count One as part of Wong's argument.

7

his convictions and sentences no longer legal. Rather, he couches his argument in constitutional terms, stating that the erroneous dual convictions affected the fairness of the sentencing proceedings and his substantial rights. Wong relies on the Fifth Amendment "right to be free from duplicative prosecutions and punishments." [Dkt. No. 1 at 6] Clearly, Wong is raising constitutional, not statutory, arguments in his third claim of error. Jones and Wheeler contemplate changes in statutory, not constitutional, law. Wheeler, 886 F.3d at 429; Jones, 226 F.3d at 333-34. Constitutional claims have no place within the Jones and Wheeler framework; rather, these claims should have been raised on direct appeal or in a motion to vacate pursuant to § 2255. See 28 U.S.C. § 2255(a) ("A prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."); Rice, 451 F. Supp. 2d at 758 ("Here, because Rice attacks the validity of his conviction and sentence, his claims are the type which normally should be brought under § 2255."). The fact that these avenues may no longer be available to Wong does not render § 2255 inadequate or ineffective. See Vial, 115 F.3d at 1194 n.5; Rice, 451 F. Supp. 2d at 758 (""[H]is claims place his petition within the scope of § 2255, which is not inadequate or ineffective merely because the AEDPA's gatekeeping restrictions prevent Rice from using it."). Accordingly, Wong cannot meet the second requirement of Jones and Wheeler. Wheeler, 886 F.3d at 429; see also Jones, 226 F.3d at 333-34.

Based on the foregoing, I conclude that I lack jurisdiction over Wong's petition.

### III.

For the reasons stated, I will dismiss Wong's § 2241 petition without prejudice for lack of jurisdiction. <u>Wheeler</u>, 886 F.3d at 424-25 (holding that § 2255(e) is jurisdictional).

**ENTERED** this 28th day of July, 2020.

                                                                   /s/ Jackson L. Kiser
                                                SENIOR UNITED STATES DISTRICT JUDGE